**EFiled: Oct 03 2014 12:34PM EDT**
**Transaction ID 56128155**
**Case No. 5957-VCN**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

October 3, 2014

Thad J. Bracegirdle, Esquire
Wilks, Lukoff & Bracegirdle, LLC
1300 North Grant Avenue, Suite 100
Wilmington, DE 19806

Seth J. Reidenberg, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, DE 19801

Mr. Christophe Laudamiel
313 West 19th Street, Apt. 32
New York, NY 10011
cl@leschristophs.com

DreamAir LLC
c/o Christophe Laudamiel, President
210 11th Avenue, Suite 1002
New York, NY 10001
cl@dreamair.mobi

Paul D. Brown, Esquire
Chipman Brown Cicero & Cole, LLP
1007 North Orange Street, Suite 1110
Wilmington, DE 19801

Re: *Matthew v. Laudamiel, et al.*
C.A. No. 5957-VCN
Date Submitted: September 9, 2014

Dear Mr. Laudamiel and Counsel:

Plaintiff Stewart Matthew has moved for reargument of that portion of the

Court's Letter Opinion and Order of July 21, 2014,[1] that granted Fläkt Woods

---

[1] *Matthew v. Laudamiel*, 2014 WL 3586594 (Del. Ch. July 21, 2014).

Group S.A.'s ("Fläkt Woods") motion to compel discovery into Plaintiff's scenting activities after dissolution of Aeosphere. That requires the Court to consider whether its decision was influenced by a misunderstanding of material fact or a misapplication of law.[2] The Court did not misunderstand Plaintiff's claims or, in a material way, how he wanted to define the scope of discovery. Instead, the question was the scope of discovery to which Fläkt Woods is entitled.[3] The Court's conclusion was driven by the liberal standard for discovery. It may be that the discovery will not be useful, but that is not a conclusion that the Court can now draw.

The Plaintiff's concerns with the Court's application of law involved mitigation. Again, the information sought may not be especially probative, but, especially at the discovery stage, the scope must be allowed to acknowledge that similar substitute employment or compensation arrangements—*i.e.*, not just those that are identical—may be an appropriate measure.[4]

---

[2] *See, e.g.*, *Salgado v. Mobile Servs. Int'l, LLC*, 2012 WL 2903970, at *1 (Del. Ch. July 11, 2012).

[3] It is not clear why Fläkt Woods' discovery should be restricted by reference to Mr. Laudamiel's Answer to Plaintiff's Fourth Amended Verified Complaint.

[4] The necessary flexibility here makes drawing rigid lines difficult.

*Matthew v. Laudamiel, et al.*
C.A. No. 5957-VCN
October 3, 2014
Page 3


Accordingly, the Motion for Reargument is denied.[5]

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Register in Chancery-K

---

[5] It may be that Plaintiff will not value his subsequent employment efforts, but this does not necessarily preclude Fläkt Woods from using this information to show an offset or otherwise to rebut Plaintiff's analysis.